Simmons, Justice.
These cases were argued together. The petitions contained the same allegations, and were dismissed by the court for the same reasous; and the decision in one case will control the others. They were actions for damages for a tort committed upon the plaintiffs by the servants of the railroad 'company in causing them to leave the train at the wrong station.
1. The allegations in the petitions were sufficient to authorize a recovery by the plaintiffs for the actual damages sustained, and for the pain and suffering endured in being left in the woods and in traveling to their homes on foot in the night-time. The fact that <mey alleged “the entire injury” was to' their “peace, happiness and feelings,” did not destroy the force and effect of their former allegation in regard to their general damages. A court must construe a declaration according to the facts set out therein, and not according to the conclusions of the pleader. If the allegations in the declaration set out facts which make it an action on the case, and the pleader erroneously styles it an action of assumpsit, his calling it assumpsit does not make it so if the facts pleaded show it is case. We think, therefore, the court erred in dismissing these cases because the pleader alleged that the entire injury to the plaintiffs was to their peace, happiness and feelings. If the pleader had stated in the declaration that upon the facts set out, no damages were claimed except those arising from the injury to the peace, happiness and feelings, possibly the court would have been right in dismissing the cases. But the pleader did not do this. He alleged sufficient facts to authorize the recovery of general damages; and this being so, the fact that he undertook to classify the damages and classified them wrong, would not authorize the court to dismiss the case when the declaration showed that she was entitled to recover general damages.
*751 2. There was no error in disallowing the amendments offered by the plaintiff's in the court below. As we have already remarked, these were cases sounding in tort, and the amendments offered were counts sounding in contract; and we think, uuder our code, an action sounding in tort cannot be amended by adding a count sounding iu contract. Judgment reversed.